LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICTOR YANZA, *on behalf of himself,*<br>*FLSA Collective Plaintiff and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY REALTY CORPORATION,<br>HERE REALTY LLC, and<br>JOEL BERGER,<br><br>Defendant. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION**<br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff VICTOR YANZA ("Plaintiff" or "YANZA"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, COMMUNITY REALTY CORPORATION, HERE REALTY LLC ("Corporate Defendants"), and JOEL BERGER (together with Corporate Defendants the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime wages, due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime wages, due to time shaving, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b) as Corporate Defendants reside in this district and the events giving rise to Plaintiff's claims occurred herein.

## PARTIES

5. Plaintiff, VICTOR YANZA, is a resident of Queens County, New York.

6. Defendants are real-estate investors, buying, selling, and developing properties, as well as providing property management for residential and commercial properties in the New York area.

7. Defendants own, sell, and provide property management to buildings throughout New York, including the properties located in Jamaica, Flushing, Long Island, and Bayside.

8. Defendants operate their business as a single-integrated-enterprise. Defendants own other buildings located in Jamaica, Flushing, Long Island. Plaintiff YANZA observed his coworkers being transferred between and engaging in work at Defendants' buildings located throughout New York. Such employees included LEON [LNU], who worked in maintenance and was routinely transferred between all of Defendants' buildings, and ORLANDO [LNU], who

worked at Defendants' various properties throughout Long Island, Jamaica, and Flushing, New York. Similarly, Plaintiff himself also worked at other locations on an as needed basis. Employees are used interchangeably amongst Defendants' various properties.

9. Defendant JOEL BERGER is the owner of both Defendant HERE REALTY LLC and Defendant COMMUNITY REALTY CORPORATION.

10. Defendant HERE REALTY LLC holds a majority ownership in the building located at 43-43 Kissena Blvd., Flushing New York ("Kissena Gardens") where the majority of Plaintiff's duties as a porter occurred. Kissena Gardens is a large residential and commercial building containing approximately 90 units.

11. Defendant COMMUNITY REALTY CORPORATION is the management company directly employing Plaintiff, which instructed Plaintiff to work, not just at Defendants' Kissena Gardens location, but at close to ten of Defendant JOEL BERGER's properties throughout the State.

12. Corporate Defendant, COMMUNITY REALTY CORPORATION, is a business corporation duly organized under the laws of the state of New York with its principal place of business located at 42-08 Bell Boulevard, Bayside, NY 11361.

13. Corporate Defendant, HERE REALTY LLC, is a business corporation duly organized under the laws of the state of New York with its principal place of business located at 2425 Babylon Tpke., Merrick, NY 11566.

14. Individual Defendant, JOEL BERGER is an owner and principal of the Corporate Defendants. Individual Defendant exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Individual Defendant exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees,

supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees of the Defendants could complain to Individual Defendants directly regarding any of the terms of their employment, and Individual Defendants would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

15. Each Defendant engages in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of each Defendant handles goods and materials produced outside of New York (including vehicles, tools, cleaning supplies, and other items) that have moved in interstate commerce, and the Defendants are thus employers subject to the jurisdiction of the FLSA.

16. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and any Regulations thereunder.

17. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section l6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, (including but not limited to construction workers, porters, concierges, superintendents, handymen, plumbers, electricians, and

custodians) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime wages for all hours worked due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

21. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

22. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to construction workers, porters, concierges, superintendents, handymen, plumbers, electricians, and custodians) employed by Defendants on or after the date that is six (6) years before the filing of this Complaint (the "Class" or "Class Members").

23. At all relevant times, Plaintiff and Class Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime

wages for all hours worked due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of Class Members.

24. Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

25. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

26. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All Class Members were subject to Defendants' corporate practices of (i) failing to pay wages including overtime wages for all hours worked due to time shaving, (ii) failing to provide Class Members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class Members, at date of hiring and dates of all wage changes, per requirements of the NYLL.

27. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

28. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30. Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

31. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

   a) Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

   d) Whether Defendants properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

   e) Whether Defendants paid Plaintiff and Class Members for all hours worked given Defendants' time shaving practices;

   f) Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL; and

   g) Whether Defendants provided proper wage notices to Plaintiff and Class Members per requirements of the NYLL.

   h) Whether Defendants paid Plaintiff and Class Members their lawful wages on a weekly basis per the requirements of NYLL §191.

## STATEMENT OF FACTS

*Wage and Hour Allegations:*

32. In or about 2003, Plaintiff was hired by Defendants to work as a porter for one of Defendants' developments, Kissena Gardens, a large property complex with over 90 residential and commercial unity. As part of Plaintiff's duties, he was assigned to care for all units within the Kissena Gardens development located at 4343 Kissena Blvd., Flushing NY 11355, and would assist on an as needed basis with Defendants' other buildings located throughout New York. Plaintiff continues to work for Defendants.

33. Throughout Plaintiff's employment, Plaintiff had an official work schedule of five (5) days a week, 8:00 am to 4:00 pm for a total of forty (40) hours per week. In reality, Plaintiff worked in his "off-hours," as Plaintiff was forced to work weekends on an as needed basis and would be forced be "on-call" to conduct any needed repairs in any of the units he oversaw. Altogether, Plaintiff worked at least three (3) hours past his shift Monday through Friday unpaid, and once a month he would be forced to work an additional six (6) hours over the weekend. All of Plaintiff's work occurring outside his official scheduled hours would be unpaid.

34. Despite working significant overtime, Plaintiff received a fixed salary of $500.00 a week regardless of overtime hours worked.

35. FLSA Collective Plaintiffs and Class members were scheduled to work similar hours and at a similar rate of pay as Plaintiff. As Plaintiff, FLSA Collective Plaintiffs, and Class members similarly worked more than forty-hours a work week, Defendants' improper fixed salary shaved FLSA Collective Plaintiffs and Class members of earned overtime compensation.

36. Throughout his employment with Defendants, Plaintiff regularly observed and spoke to his co-workers about Defendants' pay practices and policies. Based on Plaintiff's direct observations and conversations with other employees, Plaintiff, FLSA Collective Plaintiffs and Class Members were subjected to the same unlawful employment practices of time shaving.

9

37. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate for all hours worked in excess of forty (40) in each workweek due to time shaving to Plaintiff, FLSA Collective Plaintiffs and Class Members.

38. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

39. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

40. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

42. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

44. At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.

45. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs the full amount of wages due because of time shaving, including overtime wages, in violation of the FLSA.

46. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

48. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages including unpaid overtime wages, due to time shaving, plus an equal amount as liquidated damages.

51.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

52.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein

53.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

54.     Defendants knowingly and willfully failed to pay Plaintiff and Class Members the full amount of regular and overtime wages as a result of time shaving in violation of the NYLL.

55.     Defendants knowingly and willfully failed to pay Plaintiff and Class Members in accordance with 12 NYCRR 141-1.2(a)(1).

56.     Defendants knowingly and willfully failed to provide Plaintiff and Class Members with proper wage statements as required under the NYLL.

57.     Defendants knowingly and willfully failed to provide Plaintiff and Class Members with proper wage and hour notices as required under the NYLL.

58.     Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages due to time shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due to time shaving under the FLSA and NYLL;

d. An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

f. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

h. Designation of this action as a class action pursuant to F.R.C.P. 23;

i. Designation of Plaintiff as Representative of the Class; and

j. Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: November 18, 2021                     Respectfully submitted,

                                                                  LEE LITIGATION GROUP, PLLC

                                                      By: */s/ C.K. Lee*

                                                                  C.K. Lee, Esq. (CL 4086)
                                                                  Anne Seelig, Esq. (AS 1976)
                                                                  148 West 24th Street, Eighth Floor
                                                                  New York, NY 10011
                                                                  Tel.: (212) 465-1188
                                                                  Fax: (212) 465-1181
                                                                  *Attorneys for Plaintiff,*
                                                                  *FLSA Collective Plaintiffs,*
                                                                  *and the Class*